### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-25-398-SLP |
| DOYLE GLEN WILSON, | ) ) ) |
| Defendant. | ) ) |

## ORDER OF DISMISSAL

Before Court is the Government's Motion to Dismiss [Doc. No. 63]. The Government seeks dismissal of Count 6 of the Indictment, charging Defendant with felon in possession of firearms, in violation of 18 U.S.C. § 922(g). The Government states that since the Indictment, "case agents have obtained new information and re-examined the charges against [Defendant]."

Under Rule 48(a), "courts must grant prosecutors leave to dismiss charges unless dismissal is clearly contrary to manifest public interest." *United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)); *see also United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir. 1981) (per curiam) ("An indictment may be dismissed by the U.S. attorney prior to trial and with leave of the court. . . . The same rule governs the dismissal of one or more counts of an indictment."). The Court finds that dismissal of the charge against Defendant is not contrary to the public interest or otherwise for any improper purpose. Accordingly, the Government's Motion is GRANTED.

IT IS THEREFORE ORDERED that Count 6 of the Indictment, charging Doyle Glen Wilson with 18 U.S.C. § 922(g)(1), and the forfeiture allegations corresponding to Count 6, are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 13th day of November, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE