IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| Plaintiff,                          ) | |
| -vs-                                ) | No.   CR-25-398-SLP |
| DOYLE GLEN WILSON,                  ) | |
| Defendant.                          ) | |

### UNITED STATES' RULE 404(b) NOTICE
### AND BRIEF IN SUPPORT THEREOF

The United States, by and through Robert J. Troester, United States Attorney for the Western District of Oklahoma, and Daniel Gridley, Assistant United States Attorney, hereby respectfully provides notice of its intent to introduce evidence at trial relating to certain conduct of Defendant Doyle Glen Wilson that could be construed as crimes, wrongs, or other acts captured by Federal Rule of Evidence 404(b). It is the United States position that all of this evidence is intrinsic to the charged conduct. However, if not intrinsic to the charged conduct, the evidence is relevant and admissible for the purpose of proving the motive, opportunity, knowledge, intent, preparation, plan, identity, lack of accident, and absence of mistake in the charged offense.

### BACKGROUND

Defendant Doyle Glen Wilson is charged in count 7 of an Indictment alleging that he possessed a shortened unregistered shotgun, in violation of 26 U.S.C. § 5861(d). This charge stems from a series of related events. Initially, investigators with the Ponca City

Police Department were investigating an assault with a firearm which occurred on June 18 or 19, 2025. The suspect in this assault, D'Angelo Wilson, was alleged to have threatened individuals with what witnesses described as a shortened shotgun with tape around the handle or grip.

Investigators with the Ponca City Police Department listened to jail calls made by D'Angelo Wilson from the Kay County Detention Center after his arrest on July 2, 2025. D'Angelo Wilson made calls to a girlfriend (V.G.) and to Defendant Doyle Wilson (whom D'Angelo Wilson referred to as "pops" or his father). On July 6, 2025, D'Angelo Wilson placed a video call to V.G. and instructed her to "throw them things away" while making a gesture with his hand as a gun. On July 8, 2025, Ponca City Police investigators went to V.G.'s home to seek permission to search her home for the shortened shotgun. V.G. generally denied that request. Later that day, D'Angelo had another video call with V.G. during which V.G. told D'Angelo that investigators had been to her home looking for a gun. The same day, D'Angelo spoke to Doyle Wilson via jail call during which Doyle Wilson talked about police investigating D'Angelo and who might be talking to police. Doyle Wilson indicated that he "went over there" and "picked up something" at V.G.'s home. Based on these calls, investigators believed that the shortened shotgun used by D'Angelo Wilson in the June 2025 assault had been stored at V.G.'s home but later taken to Doyle Wilson's home. Therefore, investigators obtained and executed a state search warrant on July 11, 2025, at Doyle Wilson's home and found the shortened shotgun among other firearms and ammunition.

The evidence the United States intends to introduce as intrinsic evidence or, in the

alternative, as Rule 404(b) evidence includes, but is not limited to, the following:

1. Police investigated an assault committed by D'Angelo Wilson in June 2025;

2. Police reviewed jail calls between D'Angelo Wilson, V.G., and Doyle Wilson and discussed the police investigation into the June 2025 assault and the suspected firearm in somewhat veiled terms;

3. Doyle Wilson took custody of the shortened shotgun from V.G.'s home and took it to his own home; and

4. Doyle Wilson had other firearms and ammunition stored at his home.

## ARGUMENT

**I.  The Court May Admit the Intrinsic Evidence Without Undergoing the Rule 404(b) Analysis.**

It is well-settled in this circuit that intrinsic evidence—evidence "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act"—is admissible at trial. *United States v. Ford*, 613 F.3d 1263, 1265 (10th Cir. 2010) (quoting *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 2009)); *accord United States v. Parker*, 553 F.3d 1309, 1315 (10th Cir. 2009) ("Because rule 404(b) only limits evidence of 'other' crimes—those extrinsic to the charged crime—evidence of acts or events that are part of the crime itself, or evidence essential to the context of the crime, does not fall under the other crimes limitations of Rule 404(b)."); *United States v. Gorman*, 312 F.3d 1159, 1162 (10th Cir. 2002) ("[A]cts intrinsic to or intertwined with the charged acts are not Rule 404(b) acts."). Put differently, evidence "should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense charged in the indictment." *Ford*, 613 F.3d at 1267 (internal quotation marks omitted).

"The Rule 404(b) inquiry, however, applies only to evidence of other acts that are 'extrinsic to the one charged.'" *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009). "[A]cts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *Id.* "Other criminal acts are intrinsic," for example, when they are "necessary preliminaries to the crime charged," are "necessary to complete the story of the crime on trial," or "provide context relevant to the criminal charges," are "inextricably intertwined," or "arose out of the same series of transactions as the charged offense." *Id.*

Doyle Wilson is charged with possession of the shortened shotgun on or about July 11, 2025. The United States submits that the evidence of D'Angelo Wilson, V.G., and Doyle Wilson's activities in the days leading up to July 11, 2025, will establish that Doyle Wilson intentionally possessed the shortened shotgun and fully explain the circumstances surrounding the investigation. Jurors should be able to hear the "complete story" of the crime on trial to provide proper context. Namely, the pertinent evidence explains the basis for the investigation of Doyle Wilson in addition to establishing further evidence as to his motive and intentions. Without such context, jurors would likely wonder why police would obtain a search warrant on the home of a man such as Doyle Wilson.

**II.     The Above-Identified Crimes, Wrongs, or Other Acts are Admissible Under Rule 404(b).**

Under Rule 404(b), evidence of other crimes, wrongs, or acts may be admissible for purposes other than to show a defendant's bad character or general propensity to commit crime. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007); *see also* Fed. R. Evid. 404(b). In considering whether evidence of prior bad acts is admissible under Rule

404(b), courts consider four factors, whether: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is substantially outweighed by its prejudicial effect under Rule 403; and (4) a proper limiting instruction can be given if requested by defendant.[1] *See Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Schene*, 543 F.3d 627, 642-43 (10th Cir. 2008). Importantly, "Rule 404(b) is considered to be 'an inclusive rule, admitting all evidence of other crimes or acts except that which tend to prove *only* criminal disposition.'" *United States v. Tom*, 254 F.3d 1204, 1208 (10th Cir. 2001) (quoting *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998)).

Evidence of Doyle Wilson's interest in the police investigation into his step-son's assault case and apparent efforts to take evidence of that offense to his home, are properly admissible for the purposes of demonstrating motive, knowledge, intent, preparation, plan, lack of accident, and absence of mistake. Evidence of Doyle Wilson engaging in activities which demonstrate his motive and reasons for obtaining the shortened shotgun are highly relevant to show that his possession of the gun was intentional and not of mistake or accident.

---

[1] Any potential undue prejudice could be cured by a limiting instruction and, should the defendant request one, the United States would not be opposed to the use of a proper limiting instruction for any evidence admitted under 404(b).

### III.     CONCLUSION

For the foregoing reasons, the United States respectfully submits that the aforementioned evidence is admissible, either as intrinsic evidence or, in the alternative, as Rule 404(b) evidence.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney


*s/ Daniel D. Gridley, Jr.*
DANIEL D. GRIDLEY, JR.
Assistant United States Attorney
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Daniel.gridley.jr@usdoj.gov

### CERTIFICATE OF SERVICE

This is to certify that on January 5, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Docket Activity to the following ECF registrants:

Joseph Barrett, Counsel for Doyle Glen Wilson

*s/ Daniel D. Gridley, Jr.*
Assistant United States Attorney
