IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-25-398-SLP |
| | ) | |
| DOYLE GLEN WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

At the pretrial conference conducted on January 6, 2026, counsel for the Government requested a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964) as to the voluntariness of statements made by Defendant to law enforcement officials during a recorded conversation that the Government intends to admit as evidence at trial. Consequently, the Court advised the parties that it would conduct an evidentiary hearing on Tuesday, January 13, 2026, prior to the commencement of jury selection and trial.  *See* Pretrial Conference Memorandum [Doc. No. 95], ¶ 11. Subsequent thereto, counsel for the Government informally notified both the Court and counsel for Defendant that he was "incorrect" about the necessity for an evidentiary hearing.

To date, Defendant has made no request for a *Jackson v. Denno* hearing and has not apprised the Court of any basis upon which he challenges the voluntariness of his statements.  "Without some challenge to the voluntariness of a confession, 'the Constitution does not require a voluntariness hearing.'" *United States v. Chavez*, No. 2:23-cr-01679-MIS-DLM, 2024 WL 476385 at *1 (D.N.M. Feb. 7, 2024) (quoting *Wainwright*

2

*v. Sykes*, 433 U.S. 72, 86 (1977)).  Accordingly, on or before 12:00 p.m. on Monday, January 12, 2026, if Defendant intends to challenge the voluntariness of his statements, Defendant shall file a Motion, with supporting authority, setting forth the basis for any such challenge.  If no Motion is timely filed, the hearing shall be STRICKEN.

    IT IS SO ORDERED this 9th day of January, 2026.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE