IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-398-SLP |
| ) | |
| DOYLE GLEN WILSON, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are: (1) the Government's Motion in Limine as to Count 6 [Doc. No. 92], to which no response has been filed by Defendant; and (2) Defendant's Motion in Limine to Preclude Reference to Other Guns and Ammunition [Doc. No. 93], to which the Government has filed its Response [Doc. No. 97].

The Indictment, in this multi-defendant case, charges Defendant with Count 6, Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g) and Count 7, Possession of Unregistered Firearm, in violation of 26 U.S.C. § 5861(d). There are eight firearms identified in Count 6. One of those eight firearms is also the firearm which serves as the basis of the charge in Count 7 – a High Standard, model 200, 12-gauge weapon from a shotgun (the sawed-off shotgun).

On November 13, 2025, on motion of the Government, the Court dismissed Count 6 of the Indictment, leaving Defendant charged with only Count 7. *See* Order [Doc. No. 67]. The Government moves to exclude any evidence or argument as to the fact of the dismissal of Count 6 of the Indictment. As set forth, Defendant has not responded to the

Government's Motion and it appears, therefore, that Defendant concedes that such evidence should be excluded.

The Court finds the fact of the dismissal of Count 6 is not relevant to the remaining charge against Defendant. It does not "make a fact more or less probable than it would be without the evidence," and it is not one "of consequence in determining the action." Fed. R. Evid. 401. Even if the fact of dismissal of Count 6 were arguably relevant, the Court finds it should be excluded under Fed. R. Evid. 403 as its probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. Accordingly, the Court GRANTS the Government's Motion in Limine as to Count 6.

Defendant moves to exclude evidence or argument as to any firearms or ammunition that law enforcement officials found at his residence, other than the sawed-off shotgun that is the subject of Count 7.[1] Defendant argues that such evidence "is not a fact of consequence in determining the instant action" and is "minimally probative and substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403." Def.'s Mot. at 1.

---

[1] To prove a violation of 26 U.S.C. § 5861(d) the Government must show:

    1.    Defendant knowingly possessed the sawed-off shotgun;

    2.    Defendant knew of the specific characteristics of the sawed-off shotgun that rendered the firearm registerable under the National Firearms Registration and Transfer Record (i.e., that the shotgun's barrel length or overall length was shortened);

    3.     that the sawed-off shotgun was, or could readily have been, in operating condition; and

    4.    the sawed-off shotgun was not registered to Defendant.

See Tenth Cir. Crim. Pattern Jury Instr. 2.91.

In response, the Government contends that evidence of the other firearms and/or ammunition found at Defendant's residence is relevant to establish that his possession of the sawed-off shotgun was knowing and that Defendant knew that the sawed-off shotgun's barrel length or overall length was shortened.[2]

The Court finds the evidence of the other firearms is relevant for the purposes identified by the Government and that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Defendant's possession of other firearms is relevant to show that he had knowledge of firearms at his residence, to include the sawed-off shotgun. And the characteristics of the firearms are relevant to establish Defendant's familiarity with guns and knowledge of the barrel length and overall length of the sawed-off shotgun. Moreover, as the Government notes, Defendant's possession of the other firearms is not unlawful and therefore, not inherently prejudicial. In this respect, the Government has represented to the Court that it "does not intend to present evidence that Defendant is a convicted felon." For these reasons, the Court DENIES Defendant's Motion in Limine, without prejudice to Defendant challenging the admissibility of the evidence at trial.

IT IS THEREFORE ORDERED that (1) the Government's Motion in Limine as to Count 6 [Doc. No. 92] is GRANTED and (2) Defendant's Motion in Limine to Preclude Reference to Other Guns and Ammunition [Doc. No. 93] is DENIED.

---

[2] Rule 404(b) permits use of evidence of "other acts," lawful or not, to show knowledge. The Government has included in its Rule 404(b) Notice [Doc. No. 91] evidence of Defendant's "other firearms and ammunition stored at his home." *Id.* at 2.

IT IS SO ORDERED this 12th day of January, 2026.

                                                  SCOTT L. PALK
                                                  UNITED STATES DISTRICT JUDGE

4