IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-398-SLP |
| ) | |
| DOYLE GLEN WILSON, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The Government has filed a Rule 404(b) Notice and Brief in Support Thereof [Doc. No. 91]. Defendant has filed a Motion in Limine [Doc. No. 96] as to certain evidence included in the Rule 404(b) Notice. The Government has not responded to the Motion. For the reasons that follow, Defendant's Motion in Limine is DENIED.

**I.    Background**

The Indictment, in this multi-defendant case, charges Defendant with Count 6, Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g) and Count 7, Possession of Unregistered Firearm, in violation of 26 U.S.C. § 5861(d). There are eight firearms identified in Count 6. One of those eight firearms is also the firearm which serves as the basis of the charge in Count 7 – a High Standard, model 200, 12-gauge weapon from a shotgun (the sawed-off shotgun).

On November 13, 2025, on motion of the Government, the Court dismissed Count 6 of the Indictment, leaving Defendant charged with only Count 7.  *See* Order [Doc. No. 67].

## II.     Discussion

The Government identifies the following evidence in its Rule 404(b) Notice:

1.     Police investigated an assault committed by co-defendant D'Angelo Wilson in June 2025.

2.     Police reviewed jail calls between D'Angelo Wilson, his girlfriend (V.G.) and Defendant, and discussed the police investigation of a June 2025 assault and the suspected firearm in somewhat veiled terms.

3.     Defendant took custody of the shortened shotgun from V.G.'s home and took it to his own home.[1]

Defendant's charge is based on conduct occurring on or about July 11, 2025.  The activities of co-defendant D'Angelo Wilson, V.G., and Defendant leading up to July 11, 2025 are the subject of the Rule 404(b) Notice.  The Government asserts that the evidence related to these activities "will establish that [Defendant] intentionally possessed the shortened shotgun and fully explain the circumstances surrounding the investigation."  Govt.'s Notice at 4.  The Government further asserts that the evidence "explains the basis

---

[1] The Government also identified in its 404(b) Notice evidence that Defendant had other firearms and ammunition stored at his home.  Defendant filed a separate Motion in Limine as to that evidence, *see* Doc. No. 93, to which the Government responded, *see* Doc. No. 97.  The Court has issued an Order preliminarily finding the other firearms and ammunition evidence admissible.  *See* Order [Doc. No. 102].

for the investigation" and "[w]ithout such context, jurors would likely wonder why police would obtain a search warrant on the home of a man such as Doyle Wilson." *Id.*

### 1. The Evidence is Intrinsic to the Crime Charged

The Court first addresses whether the evidence at issue in the Government's Notice is intrinsic or extrinsic to the crime charged. This initial inquiry is necessitated because Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009).

As a general matter, intrinsic evidence is "directly connected to the circumstances of the crime and provides contextual or background information to the jury." *Id.* (quotations omitted). Conversely, extrinsic evidence "is not intimately connected or blended with the factual circumstances of the charged offense." *Id.*

The Court finds the evidence of the assault, the jail calls, and the transport of the suspected firearm are intrinsic to the crime charged. The firearm used in the assault is believed to be the same firearm found at Defendant's residence. As described in the Government's Notice, jail calls indicate that co-defendant D'Angelo Wilson instructed V.G. to throw the firearm away. Based on this information, law enforcement sought permission to search V.G.'s home, which she denied. V.G. then communicated to co-defendant D'Angelo Wilson that police had wanted to search her home. Co-defendant D'Angelo Wilson relayed the information to Defendant and Defendant told co-defendant D'Angelo Wilson that he had been to V.G.'s house to "pick something up." Law enforcement believed, based on these communications, that the firearm used in the assault had been stored at V.G.'s home but was then transported by Defendant to his home. Law

enforcement obtained and executed a search warrant at Defendant's home and found the suspected firearm, a sawed off shotgun.

According to the Government, Defendant's possession of the firearm resulted from communications with co-defendant D'Angelo Wilson. And his transport of the firearm from V.G.'s house to his own residence establish his knowledge and possession of the firearm. Although Defendant challenges the nature of this evidence as intrinsic, he does so in wholly conclusory fashion. He states he is "wholly unaware of the facts and circumstances of the alleged assault" and the assault is "unrelated" to his charge. Def.'s Mot. at 2. But the evidence the Government seeks to introduce is necessary to explain the basis for the investigation of Defendant and the execution of the search warrant. The Court concludes, therefore, that the evidence is intrinsic to the crime charged and outside the ambit of Rule 404(b). Accordingly, the Court preliminarily finds the Government may introduce such evidence, but this preliminary ruling does not prohibit Defendant from raising the issue again.

## 2.     Admissibility of Rule 404(b) Evidence

Alternatively, the Court preliminarily finds that even if the evidence is not intrinsic, it is admissible. Rule 404(b) provides that evidence of "a crime, wrong, or other act" is inadmissible to prove the character of the accused, but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). Four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its

probative value must not be substantially outweighed by its potential for unfair prejudice; and (4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92) (1988)).

### a. Proper Purpose

The Government identifies "motive, knowledge, intent, preparation, plan, lack of accident, and absence of mistake" as the basis for admitting the evidence. Notice at 5. The evidence here shows, at a minimum, Defendant's motive, knowledge, intent and plan. "Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b)." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). "[I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *Parker*, 553 F.3d at 1314. The Government has shown a proper purpose for admission of the evidence.

### b. Relevance

Evidence is relevant if it "make[s] a necessary element of the offense more or less probable." *United States v. Henthorn*, 864 F.3d 1241, 1249 (10th Cir. 2017); *see also Mares*, 441 F.3d at 1158 (evidence is relevant "it if tends to prove or disprove one of the elements necessary to the charged offense"). Here, the Government must prove that Defendant knowingly possessed a firearm and knew the specific characteristics of the firearm that required it to be registered. *See* 26 U.S.C. § 5861(d). The evidence certainly

speaks to whether Defendant's possession of the firearm was knowing and demonstrates his motive and reasons for obtaining possession of the firearm.

### c.      Prejudice

The Court further addresses whether the proffered evidence should be excluded under Rule 403 on grounds that "its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403.  The Court finds the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  As set forth above, the evidence explains the basis for Defendant's possession of the firearm and his knowledge and intent with respect to the same.

### d.      Limiting Instruction

To the extent Defendant deems a limiting instruction is warranted, Defendant may submit a proper limiting instruction for the Court's consideration.  The Government does not oppose the same.  *See* Govt.'s Notice at 5, n.1.

### III.   Conclusion

For the reasons set forth, Defendant's Motion in Limine to Preclude Information from Government's 404(b) Notice [Doc. No. 96] is DENIED.  The denial is without prejudice to Defendant challenging the admissibility of the evidence at trial.

IT IS SO ORDERED this 12th day of January, 2026.

*[Signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE