# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-25-398-SLP |
| DOYLE GLEN WILSON, | ) ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Motion for Judgment of Acquittal, made pursuant to Fed. R. Crim. P. 29. Defendant made an oral Motion at trial and the Government both orally responded at trial and submitted a written response. *See* Government's Resp. [Doc. No. 108].[1] Defendant has further submitted a Rule 29 Memorandum [Doc. No. 114].

In this multi-defendant case, Defendant Doyle Glen Wilson (Defendant) was charged with Count 6, Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g) and Count 7, Possession of Unregistered Firearm, in violation of 26 U.S.C. § 5861(d). Prior to trial, on motion of the Government, the Court dismissed Count 6 of the Indictment. Defendant proceeded to a jury trial as to Count 7 and the jury found him guilty of the offense.

---

[1] At trial, the Court reserved ruling on the issue. *See* Fed. R. Crim. P. 29(b).

Defendant moves for a judgment of acquittal, challenging the sufficiency of the Government's evidence. He argues that the Government's evidence established that "compliance with a necessary element of the charge was not possible." Doc. No. 114 at 1.

The elements necessary to establish a violation of 26 U.S.C. § 5861(d) are:

1. Defendant knowingly possessed a firearm, i.e., a shotgun having a barrel of less than 18 inches in length, or a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel of less than 18 inches in length;

2. Defendant knew of the specific characteristics or features of the firearm, including that it was a shotgun having a barrel of less than 18 inches in length or that it was a weapon made from a shotgun and as modified had an overall length of less than 26 inches or a barrel of less than 18 inches in length, that caused it to be registrable under the National Firearms and Registration and Transfer Record;

3. The firearm was or could readily have been put in operating condition; and

4. The firearm was not registered to Defendant in the National Firearms Registration and Transfer Record. The Government is not required to prove that Defendant knew that the firearm was not registered or had to be registered.

*See* Court's Jury Instructions [Doc. No. 109], Instruction No. 15; *see also* 26 U.S.C. § 5861(d).

Defendant contends that the testimony of the Government's witness, Emma LaVoie, a specialist with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), established that the firearm at issue could not be registered, making compliance with the statute a legal impossibility. Defendant LaVoie testified that a firearm without a serial number cannot be registered under the National Firearms Registration and Transfer Record. And the firearm at issue did not have a serial number. According to Defendant

"[a]bsent any Government evidence concerning the manner and/or method by which the instant firearm could be registered, the doctrine of legal impossibility prevents Defendant from being held criminally liable for failing to perform an act that the law – or the administrative agency governing that law – refuses to allow them to perform." Doc. No. 114 at 3.

The Government responds that Defendant's argument is foreclosed by *United States v. McCollom*, 12 F.3d 968, 971 (10th Cir. 1993). The Court agrees. In *McCollom*, the Tenth Circuit rejected a legal impossibility challenge even though the defendant could not have registered a sawed off shotgun due to the fact that it lacked a serial number, which made it illegal. The Tenth Circuit held that because there is no statutory ban on the possession of a sawed-off shotgun, it's registration was not a legal impossibility. *Id*. at 970-71. As the Tenth Circuit reiterated in *United States v. Berres*, 777 F.3d 1083, 1088 (10th Cir. 2015), where there is "no statutory ban on the registration of the firearm, the registration is not a legal impossibility."

Here, as in *McCollom*, a short-barreled shotgun is a "firearm" that is "not wholly unregisterable." *Berres*, 777 F.3d at 1088. And this is true "[e]ven if the defendant himself could not have registered the firearms as a transferee." *Id*.; *cf. United States v. Thomas*, 15 F.3d 381, 383-84 (5th Cir. 1994) (rejecting defendant's challenge to the sufficiency of the evidence to support his conviction under § 5861(d) because registerability is not an

3

essential element of § 5861(d) and defendant failed to offer any authority that the government was required to prove registerability).[2]

*United States v. Dalton*, 960 F.2d 121 (10th Cir. 1992), the sole case Defendant relies upon, is distinguishable. In *Dalton*, the firearm at issue – a machinegun – was wholly unregisterable based on a separate criminal statute, 18 U.S.C. § 922(o). Indeed in *McCollom*, the Tenth Circuit declined to extend *Dalton's* holding to sawed-off shotguns because "there is no statutory ban on the registration of short-barreled shotguns." *McCollom*, 12 F.3d at 970. Because Defendant offers no other authority in support of his Motion and fails to persuasively distinguish *McCollom* or address *Berres*, the Court finds Defendant has failed to establish a right to relief.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment of Acquittal is DENIED.

IT IS SO ORDERED this 27th day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

4

---

[2] As the Government argues, there are procedures that can be followed to serialize a firearm. *See* Resp. at 6 (citing 26 U.S.C. § 5842(b); 27 C.F.R. § 479.84). Again, Defendant fails to show that there is a statutory ban on registering the short-barreled shotgun at issue here.